The opinion of the court was delivered by
Manning, C. J.
Three persons, Elphege, Leo, and Sivilien Adam were indicted for an assault with a dangerous weapon with intent to kill, and inflicting a wound less than mayhem. A nolle prosequi was entered as to the last named. The others severed. Both were con *718 victed, were sentenced to one year’s hard labour, and to pay a fine of ■one hundred dollars, and all costs. This is Leo’s appeal.
An information had been filed in the parish court against these parties for the same offence. When afterwards this indictment was found in the district court, the defendants pleaded Us pendens. The ■criminal law does not know that plea, but the meaning of the pleader is- obvious, and it may well be that the State would not be permitted to change the forum, once selected by her officer, for the prosecution of the offender, if he had himself done what was essential to fix the jurisdiction.
Accused persons, against whom informations are on file in the parish courts, shall decide whether they will waive a trial by jury before being required to make any motion or plea. If the accused does not waive that mode of trial, the information and all the papers relating to it are transferred at once to the district court. If he does waive it, his waiver must be entered on the minutes, and then the parish court shall take cognisance of the case. Rev. Stats, secs. 1076 — 7. The oral argument on this point was made on the assumption that the prisoner had waived the trial by jury, and therefore the jurisdiction of the parish court had attached. The prisoner had neglected or omitted to do that which it was necessary he should do, in order that the parish court should take cognisance of the case. His waiver of jury-trial must be entered on the minutes. This record does not contain any waiver, and the jurisdiction of the parish court did not attach in such sense as to prevent the State from prosecuting him in the district court.
A motion for a new trial was made on the ground of newly discovered evidence. The affidavit, supporting the motion, appears to be based on rumour, and the evidence was conjectural at best. No pains were taken to bring forward the newly discovered witness at or before the hearing of the motion, and we think the judge rightly overruled it.
A motion in arrest of judgment is made on two grounds ; 1. that the verdict is not responsive to the charge, 2. that the indictment contains a charge of two distinct offences in the same count, viz an assault with a dangerous weapon, and an assault with intent to kill.
The first ground falls before the fact that the verdict is, guilty as •charged, and we have only to ascertain whether the crime is charged as the law directs or permits.
Several offences, distinct in kind and degree, cannot be included in the same count, but this rule does not apply to cumulative offences denounced in the same clause or section of a criminal statute. Such clause or section may, and often does, enumerate several offences linked to the same act, or enumerate disjunctively the intent necessary to constitute each of the offences, and in such cases, they may be charged *719 cumulatively in one count. State v. Markham, 15 Annual, 498 and cases there cited. .
This prosecution is under Rev. Stats, sec. 794 and reads; — whoever shall, with a dangerous weapon or with intent to kill, inflict a wound less than mayhem upon another person, shall on conviction, etc. The crime thus denounced was charged conjunctively and cumulatively, and the indictment is not amenable to the objection urged by the prisoner, which applies to a different class of cases.
Judgment affirmed.